E-FILED
Thursday, 01 October, 2026 11:45:14 AM
Clerk, U.S. District Court, ILCD

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF ILLINOIS**
**PEORIA DIVISION**

| | | |
|---|---|---|
| **TEON WILLIAMS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 26-CV-1376** |
| | ) | |
| **SAMUEL TAYLOR, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

# ORDER

Plaintiff Teon Williams, proceeding pro se and currently incarcerated in the Pinckneyville Correctional Center, filed a Complaint (#1) on September 8, 2026. Therein, Plaintiff raises claims relating to an incident that occurred at Illinois River Correctional Center in June of 2026. He names as Defendants the following correctional officers: Samuel W. Taylor, Jeffrey T. Kerr, Officer Wells, Amber Curless, and Jamie A. Skaggs. The Court granted Plaintiff leave to proceed in forma pauperis, and the case is now before the Court for a merit review of his claims.

## BACKGROUND

On June 26, 2026, Plaintiff was being walked to segregation by Taylor and Wells. During the transport, Wells was pushing down on Plaintiff's wrists, causing Plaintiff's arms to shift toward Wells. This movement led Taylor to believe, incorrectly, that Plaintiff was trying to "slip [his] cuffs." Taylor initially yelled at Plaintiff, then Taylor

and Wells tackled him to the ground, causing Plaintiff to bleed from his head and mouth. Kerr then "assisted in pummeling" Plaintiff. Plaintiff notes in his Complaint that it was a particularly hot June day, and he had "three overweight guys on top" of him for five minutes. "All the while," Plaintiff alleges, "Lt. Curless was just standing by[.]"

Plaintiff next alleges that Skaggs ensured him that Skaggs would review security footage and do a thorough investigation prior to the adjustment committee hearing. Plaintiff was later told by another correctional officer that Skaggs had not, in fact, done a thorough investigation. Plaintiff maintains that his guilt was decided before that hearing was ever held. He was found guilty of staff assault.

**ANALYSIS**

Pursuant to 28 U.S.C. § 1915A, the court must "screen" Plaintiff's complaint and, through such process, identify and dismiss any legally insufficient claim or the entire action if warranted. A claim is defective if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A.

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. The court at this stage accepts the factual allegations in the Complaint as true and liberally

construes them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). However, the court will not accept as true any legal assertions, threadbare recitals of the elements of a cause of action, or conclusory statements. See *Iqbal*, 556 U.S. at 678.

Plaintiff has stated claims for excessive force, in violation of the Eighth Amendment, against Taylor, Wells, and Kerr, for tackling, pummeling, and/or lying atop him without justification. He has likewise stated a claim against Curless for failure to intervene. *See Wilborn v. Ealey*, 881 F.3d 998, 1007 (7th Cir. 2018) ("An officer who fails to intervene to try to prevent known cruel or unusual force, despite a reasonable opportunity to do so, may be held liable under § 1983.").

The Court finds that Plaintiff has not stated a claim against Skaggs based on Skaggs' purportedly insufficient investigation into the incident. To proceed on a due process claim, a prisoner must demonstrate: "(1) the deprivation of a liberty interest; and (2) the procedures he was afforded were constitutionally deficient." *Lisle v. Welborn*, 933 F.3d 705, 720 (7th Cir. 2019). Even if Skaggs' failure to do a "thorough" investigation could be considered constitutionally deficient, Plaintiff has not described the disciplinary results of the adjustment committee hearing, and has thus failed to plausibly allege that he was deprived of any liberty interest as a result thereof.

IT IS THEREFORE ORDERED THAT:

(1) Pursuant to its review, the Court finds that Plaintiff's Complaint states claims for Eighth Amendment excessive force against Defendants Samuel W. Taylor, Jeffrey T. Kerr, and Officer Wells, as well as a claim for failure to intervene in that excessive force against Defendant Amber Curless Any additional claims shall not be included in the

case, except at the court's discretion on motion by a party for good cause shown or pursuant to Federal Rule of Civil Procedure 15.

(2) The Clerk is directed to DISMISS Jamie A. Skaggs as a defendant in this case.

(3) The Clerk is directed to effect service of process on Taylor, Kerr, Wells, and Curless pursuant to the Court's standard procedures.

(4) This case is now in the process of service. Plaintiff is advised to wait until counsel has appeared for Defendants before filing any motions in order to give Defendants notice and an opportunity to respond to those motions. Motions filed before Defendants' counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the court at this time unless otherwise directed by the court.

(5) The Court will attempt service on Defendants by mailing waivers of service to them. Defendants have sixty (60) days from the date the waiver is sent to file an answer. If Defendants have not filed answers or appeared through counsel within ninety (90) days of the entry of this Order, Plaintiff may file a motion requesting the status of service. After Defendants have been served, the court will enter an Order setting discovery and dispositive motion deadlines.

(6) With respect to a Defendant who no longer works at the address provided by Plaintiff, the entity for whom that Defendant worked while at that address shall provide to the Clerk said Defendant's current work address, or, if not known, said Defendant's forwarding address. This information shall be used only for effectuating service.

Documentation of forwarding addresses shall be retained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

(7) Defendants shall file an answer within sixty (60) days of the date the waiver is sent by the Clerk. A motion to dismiss is not an answer. The answer should include all defenses appropriate under the Federal Rules. The answer and subsequent pleadings shall be to the issues and claims stated in this opinion. In general, an answer sets forth Defendants' positions. The Court does not rule on the merits of those positions unless and until a motion is filed by Defendants. Therefore, no response to the answer is necessary or will be considered.

(8) This District uses electronic filing, which means that, after defense counsel has filed an appearance, defense counsel will automatically receive electronic notice of any motion or other paper filed by Plaintiff with the Clerk. Plaintiff does not need to mail to defense counsel copies of motions and other papers that Plaintiff has filed with the Clerk. However, this does not apply to discovery requests and responses. Discovery requests and responses are not filed with the Clerk. Plaintiff must mail his discovery requests and responses directly to Defendants' counsel. Discovery requests or responses sent to the Clerk will be returned unfiled, unless they are attached to and the subject of a motion to compel. Discovery does not begin until defense counsel has filed an appearance and the Court has entered a Scheduling Order, which will explain the discovery process in more detail.

(9) Counsel for Defendants is hereby granted leave to depose Plaintiff at his place of confinement. Counsel for Defendants shall arrange the time for the deposition.

(10) Plaintiff shall immediately notify the Court, in writing, of any change in his mailing address and telephone number. Plaintiff's failure to notify the Court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.

(11) If a Defendant fails to sign and return a waiver of service to the Clerk within thirty (30) days after the waiver is sent, the Court will take appropriate steps to effect formal service through the U.S. Marshal Service on that Defendant and will require that Defendant to pay the full costs of formal service pursuant to Federal Rule of Civil Procedure 4(d)(2).

(12) The Clerk is directed to enter the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.

ENTERED this 1st day of October , 2026.

s/Colin Stirling Bruce
COLIN S. BRUCE
U.S. DISTRICT JUDGE